Ben N. Saltzman, M.D., Director Arkansas Department of Health 4815 West Markham Little Rock, Arkansas 72201
Dear Dr. Saltzman:
This is in response to your request for an opinion concerning the following question.
Has the Arkansas State Board of Health exceeded its authority in the promulgation of rules and regulations requiring physician supervision of law midwives?
The Arkansas State Board of Health, pursuant to Ark. Stat. Ann. 72-2209, is authorized and directed to adopt regulations governing the qualifications for licensure of lay midwives and the practice of lay midwifery. The Board's authority is limited by Ark. Stat. Ann. 72-2208 to those counties in Arkansas having 32.5% or more of their population below the poverty level as determined by the 1980 decennial census of the United States Bureau of Census. Ark. Stat. Ann. 72-2208 also provides that the practice of lay midwifery be under the supervision of a physician licensed under the Arkansas Medical Practices Act, who has obstetrical privileges in a hospital in this State.
Pursuant to its authority the Arkansas State Board of Health has developed and adopted rules and regulations governing lay midwifery. Within those rules is embodied a provision that a lay midwife have an agreement with a consulting physician and also that a lay midwife make provisions for a physician within a fifty mile radius of her or his practice who has privileges at a local hospital in the event of a need for emergency medical services.
It would appear that the power given to the Board at Ark. Stat. Ann. 72-2209 to promulgate rules and regulations governing the practice of midwifery would extend to the area of assuring that sufficient physician backup is available at all times. This would entail not only consideration of an ongoing agreement to assure that the midwife had an agreement with a physician with whom he or she could consult on a routine basis, but also to cover the possibility that an emergency might arise which would require immediate emergency support. Therefore, the answer to your question would be that the Board has not exceeded its authority in the adoption of Sections 202, 203, 204, 208, 301.01 5., 302.01 6., 302.02 2., 401, 401.01 1. and 2., 401.03 7., 401.05 2., 404, 405, 406, 406.01., 406.02, 406.03., 500, 600 and other miscellaneous sections of the rules dealing with the subject to physician supervision.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.
Sincerely,
Steve Clark Attorney General
JSC:GAH:jh